*Received email from Gilluly 2-4-14*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR : 413-172 |
| ) | |
| GENE HOYT VANDIVER ) | |

## PLEA AGREEMENT

Defendant Gene Hoyt Vandiver, represented by his counsel Thomas Withers, and the United States of America, represented by Assistant United States Attorneys, Tania Groover and E. Greg Gilluly, Jr., have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Counts One Indictment, which charges a violation of Title 42, United States Code, Section 3631(a).

2. Elements and Factual Basis

The elements necessary to prove the offenses are as follows:

**Count 1:** 42 U.S.C. § 3631(a) *Interfering with Housing Rights*

1. The defendant used or threatened force;
2. The defendant willfully injured, intimidated or interfered with, or attempted to injure, intimidate or interfere with, a victim ;
3. Because of the victim's race; and

   4. Because the victim was enjoying one of the housing rights set forth in the statute, in this case, occupying a residence.

   The Defendant agrees that he is, in fact, guilty of this offense; and that the government could prove each and every element of the offense beyond a reasonable doubt. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

   Beginning on or about July 14, 2013 and continuing through on or about July 15, 2013, within the Southern District of Georgia, the defendant, Gene Hoyt Vandiver, by burning a cross in the yard of G.M.R., did by force and threat of force, willfully intimidate and interfere with, and attempt to interfere with G.M.R. and others, who the defendant believed to be African-Americans, because of their race, and because they were occupying a dwelling.

   Had this matter proceeded to trial, the defendant does not dispute that the United States would have presented credible evidence at trial that the defendant was not pleased with his neighbor G.M.R., a Hispanic individual who the defendant believed was African-American. He was not pleased for a number of reasons, including G.M.R.'s perceived race. The defendant constructed a cross and covered it with a flammable substance. He then set the cross on fire in G.M.R.'s yard. The next day, the defendant threw slices of old meat on a vehicle at G.M.R.'s residence; and the defendant broke watermelons on the property. He also drew a picture of a man getting hanged and wrote "Nigger Leave." He placed this sign in front of

2

G.M.R.'s residence. Local law enforcement investigated the matter and found materials at the defendant's residence that matched materials used in the crime. Law enforcement agents interviewed the defendant. He was cooperative and admitted that he committed the crime. During the interview, he expressed his frustration with G.M.R's maintenance of the property. He also expressed his frustration with the integration of his neighborhood; and his dislike for mixed races.

3.  Possible Sentence

The Defendant has been advised of the minimum sentences that apply and the maximum sentences that apply. He was advised by the Court at his initial appearance, via the filed penalty certification, and hereafter. The Defendant's guilty plea will subject him to the following penalties:

**Count One**: 42 U.S.C. § 3631(a) *Interfering with Housing Rights.*

-Not more than 10 years imprisonment

-Not more than a $250,000 fine

-Not more than 3 years of supervised release

-$100 mandatory special assessment

4.  No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the

statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.  Agreements Regarding Sentencing Guidelines

   a.  Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a maximum reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, if applicable.

   b.  Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

c.   Government's Position at Sentencing

The government understands that the defendant will seek a variance and below guideline sentence. Assuming the defendant accepts responsibility for his actions, the government agrees not to take a position as to the appropriate sentence in this matter; and will submit the matter to the Court for determination. The government does recognize that the United States Probation Office will conduct a pre-sentence investigation report; and will make recommendations to the Court. The prosecution will defer to the Court as to the appropriateness of the guideline calculations and whether a variance should be granted in this case. However, if the defendant fails to accept responsibility, or engages in any criminal conduct, or attempts to obstruct justice, the government will be free to argue for any sentence.

7.   Dismissal of Other Counts

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.   Waivers

a. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

b. <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea (including this plea agreement), and any leads derived therefrom, shall be admissible for any and all purposes.

9. <u>Required Financial Disclosure</u>

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

10. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12. <u>Breach of Plea Agreement</u>

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed

7

pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

EDWARD J. TARVER
UNITED STATES ATTORNEY

4/17/14
Date

*Tania Groover (signature)*
Tania Groover
Assistant United States Attorney

_____
Date

_____
E. Greg Gilluly, Jr.
Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

8

4-17-14
Date

_____
Gene Hoyt Vandiver

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

4-17-14
Date

_____
Thomas Withers

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 413-172 |
| | ) | |
| GENE H. VANDIVER | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 15th day of JUNE 2014

_____
HONORABLE WILLIAM T. MOORE, JR.
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA